UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN VOLSTAD,

                Plaintiff,

     v.

DEAN MASON,

                Defendant.

Case No. C06-5005RBL

REPORT AND RECOMMENDATION TO DISMISS COMPLAINT WITHOUT PREJUDICE

**NOTED FOR:**
**April 14th, 2006**

This case has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B). This matter comes before the court upon plaintiff's request/motion to voluntarily dismiss his complaint, (Dkt. # 5). After reviewing plaintiff's motion, the pleadings made in support thereof, defendants' response, and the remaining record, the Court should GRANT the motion and dismiss this matter without prejudice.

DISCUSSION

Under Rule 41, a plaintiff has the right to voluntarily dismiss his case when no answer or motion for summary judgment has been filed by an adverse party. Rule 41(a)(1) specifically provides that dismissal as a matter of right can be foreclosed only by the filing of an answer or a motion for summary judgment. <u>Roddy v. Dendy</u>, 141 F.R.D. 261, 262 (S.D. Mississippi, 1992). Unlike a Rule 41(a)(1) dismissal, a Rule 41(a)(2) dismissal requires court approval and is only effective "upon such terms and conditions as the court deems

proper." Fed.R.Civ.P. 41(a)(2); <u>Stevedoring Servs. of Am. v. Armilla Int'l B.V.</u>, 889 F.2d 919, 921 (9th Cir.1989). When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal. <u>Hyde & Drath v. Baker</u>, 24 F.3d 1162, 1169 (9th Cir.1994); <u>Hamilton v. Firestone Tire & Rubber Co.</u>, 679 F.2d 143, 145 (9th Cir.1982).

Here, the complaint has not been served. Thus, plaintiff has a right to dismiss the action. Prior to the court assessing filing fees.

## CONCLUSION

Accordingly, plaintiff's request to voluntarily dismiss his complaint (Dkt. # 5) should be GRANTED. A proposed order accompanies this report and recommendation. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 14th, 2006.**

Dated this 13th day of March, 2006.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge